IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MONTANA TRUCKS, LLC, | CV 12–23–M–DWM |
| Plaintiff, | |
| vs. | ORDER |
| UD TRUCKS NORTH AMERICA, INC. f/k/a NISSAN DIESEL AMERICA, INC. and UD TRUCKS, CORP. f/k/a NISSAN DIESEL MOTOR CO., LTD, | |
| Defendants. | |

This matter comes before the Court on Motion of Plaintiff Montana Trucks, LLC, seeking an Order to authorize service of Defendant UD Trucks, Corp., f/k/a Nissan Diesel Motor Co., Ltd., by mail and courier. (Doc. 72.) Furthermore, Montana Trucks requests leave to serve untranslated documents. (*Id*.) Montana Trucks recently filed a Second Amended Complaint adding UD Trucks, Corp. as a party. (*See* doc. 71.) UD Trucks, Corp. is headquartered in Saitama, Japan. (Doc. 74, ex. 1.)

Defendant UD Trucks North America, Inc. opposes the Motion, arguing only that their opposition is necessary to avoid "substantive waiver by UDTC in

-1-

subsequent motions before the Court." (Doc. 76 at 2.) The objection of UD Trucks North America, Inc. appears to aim to preserve the right to dispute matters alleged in the Second Amended Complaint and presents no argument against the merits of Plaintiff's Motion. The Court affords Defendant's objection due notice and proceeds to evaluate Plaintiff's Motion on its merits.

A plaintiff is responsible for service on each defendant of a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). Service of a corporation at a place not within any judicial district of the United States may be accomplished in any manner prescribed by Rule 4(f) except personal delivery. Fed. R. Civ. P. 4(h)(2). Pursuant to Rule 4(f), where a international agreement applies, it controls the method of service, unless the court orders service by another means not prohibited by the agreement. Fed. R. Civ. P. 4(f). The United States and Japan are both signatories to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents ("the Convention"). Convention on Service Abroad of Judicial and Extrajudicial Documents (March 12, 1970), T.I.A.S. No. 6638. "The [] Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad. *Id*. at Art. 1. "[C]ompliance with the convention is mandatory in all cases to which it applies[.]" *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705

(1988). As such, the Convention governs the Plaintiff's method of service in this case, unless this Court orders service by another means not prohibited by the Convention.

The Convention is a multinational treaty drawn up by the Tenth Session of the Hague Conference of Private International Law in 1964. *Volkswagenwerk Aktiengesellschaft*, 486 U.S. at 698. It "intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad. *Id*. It accomplishes these objectives by requiring each party to the Convention to designate a Central Authority to receive requests for service from other member states. Convention on Service at Art. 2. The Federal Rules of Civil Procedure, by incorporating reference to internationally agreed means of service like the Convention, affirmatively authorizes use of a Central Authority. *See* Fed. R. Civ. P. 4(f) (1993) Advisory Comm. Note; *see also Brockmeyer v. May*, 383 F.3d 798, 804 (9th Cir. 2004). Japan has designated the Ministry of Foreign Affairs as its Central Authority. Convention on Service, Japan – Central Authority & practical information, http://www.hcch.net/index_en.php?act=authorities.details&aid=261. The Ministry will effectuate service formally, through a competent court of justice, informally,

through a competent court clerk, or directly by a marshal. *Id*. Full translation of documents to be served is required; both the translation and the original are served. *Id*. Service in Japan by means designated by the Convention takes "[a]bout four months[.]"

Because the relationship of UD Trucks North America, Inc. and UD Trucks, Corp. is disputed, (*compare* doc. 71 at 2 *with* doc. 77 at 2), the general rule allowing service of a foreign defendant through its domestic counsel or subsidiary does not apply. *See Volkswagenwerk Aktiengesellschaft*, 486 U.S. at 707. Accordingly, the Convention applies to this case and transmittal of the Summons and Second Amended Complaint to UD Trucks, Corp. at its headquarters in Japan is required. The question is whether the Court should order service directly on UD Trucks, Corp. by means other than those specified by the Convention.

Montana Trucks objects to service pursuant to the Convention on two grounds and seeks an order of this Court pursuant to Rule 4(f)(3) directing service of untranslated documents via mail and courier. Plaintiff claims following the Convention would be expensive, wasteful, and a source of unnecessary delay. (Doc. 73 at 4, 6.) As potential sources of delay, Montana Trucks cites the four-month estimate for execution of requests pursuant to the convention, (*id.* at 4), and the time needed to translate the Second Amended Complaint and Summons into

-4-

Japanese, (*id*. at 6). Montana Trucks also objects to the expense of translating the documents to be served. (*Id*.) Plaintiff claims translation is unnecessary because UD Trucks, Corp. "is a multi-national corporation that conducts significant parts of its operations in English." (*Id*.)

This Court may grant the relief Montana Trucks requests and order alternate means of service if consistent with due process and not offensive to international law. Court-ordered service pursuant to Rule 4(f)(3) "is neither a 'last resort' nor 'extraordinary relief[;]' [i]t is merely one means among several which enables service of process on an international defendant." *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the 'sound discretion of the district court.'" *Brockmeyer*, 383 F.3d at 805 (quoting *Rio Props.*, 284 F.3d at 1016). Alternate means of service may be ordered if not prohibited by the Convention. *See* Fed. R. Civ. P. 4(f)(3). "Inasmuch as our Constitution requires that reasonable notice be given, an earnest effort should be made to devise a method of communication that is consistent with due process and minimizes offense to foreign law." Fed. R. Civ. P. 4(f) (1993) Advisory Comm. Note.

Montana Trucks seeks an Order endorsing service by mail and courier and

authorizing the service of documents in English, without translation to Japanese. The first consideration is the propriety of the manner of service requested by Montana Trucks. The fundamental inquiry is whether the manner of service requested, service by mail and courier, comports with Constitutional due process and international law. As the manner of service requested by Plaintiff meets both of these requirements, the relief sought is granted in this respect.

Service by mail is consistent with international law. In *Rio Properties*, the district court authorized and the Ninth Circuit endorsed service of process by alternate means, specifically by international mail and email. *Rio Props.*, 284 F.3d at 1016. The Ninth Circuit noted that district courts have authorized "a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email" in considering the propriety of the method of service authorized by the district court. *Id*. (citations omitted). Service by mail has been recognized as harmonious with the Convention's declared intent to not interfere with other methods of service. *See Brockmeyer*, 383 F.3d at 802. And, the nation of Japan has declared no formal objection or opposition to use of the postal channels for sending judicial documents to persons in Japan. *See* Convention on Service, Japan – Central Authority & practical information. The only caveat to use

of postal channels stated by Japanese authorities is in circumstances where the rights of the party at whom service is directed are not respected. *Id*. Service in the manner requested by Plaintiff is unlikely to offend the rights of UD Trucks, Corp. under Japanese law, as the standards of formal and informal service specified by the Japanese in response to questionnaires for administration of the Convention circulated by the Hague Conference on Private International Law rely on service by postal channels with a report of delivery. *Id*. And, while no specific rights of the party served are cited in the Japanese authorities' stated caveat to service by mail, *see id.*, this Court is charged with considering the due process rights of the party to be served under the Constitution of the United States. *Rio Prop.*, 284 F.3d at 1016.

Service by mail comports with Constitutional due process. The due process inquiry requires balancing the interest of the state in bringing issues to a final settlement against the individual interest in due process of law. *Mullane v. C. Hanover Bank & Trust Co.*, 339 U.S. 306, 313-14 (1950). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. at 314 (citations omitted). The Court has found that a

-7-

manner of service employing the use of the mails generally satisfies notions of due process. *Id*. at 318-19. Notice by courier and mail, especially where communication of the summons and complaint is an urgent matter,[1] serves the state's interest in efficiently and conclusively resolving disputes. And service by method of courier and mail will apprise UD Trucks, Corp. with notice of the pendency of this action and afford it opportunity to respond. The state's interest in resolution of this action and the served party's interest in notice and opportunity to be heard are unified in support of expeditiously notifying UD Trucks, Corp. of this action by mail and courier.

The second consideration is the propriety of the content of the documents to be served, namely, whether the service of documents in English, without translation to Japanese, is consistent with Constitutional due process and international law. This is a closer question. Montana Trucks premises this request on the claim that UD Trucks, Corp. is a large corporation which markets its trucks

---

[1] The Advisory Committee Notes to Federal Rule of Civil Procedure 4(f) suggest alternate methods of service are especially appropriate in urgent circumstances. Fed. R. Civ. P. 4(f) (1993) Advisory Comm. Note. Plaintiffs argue service of UD Trucks, Corp. is necessary to avoid further delay. They state that these proceedings were commenced February 15, 2012 but the role of UD Trucks, Corp. only recently came to light after Montana Trucks was made party to a protective order in other related litigation. (*See* doc. 73 at 2.) The need to avoid further delay makes service of UD Trucks, Corp. an urgent circumstance. Deadlines have already been extended once in this matter. (*See* doc. 67.) Further delay is inconsistent with the "just, speedy, and inexpensive" resolution of the case. *See* Fed. R. Civ. P. 1.

internationally and conducts some of its business in English. (Doc. 73 at 6.)
Plaintiff's assertions are couched only in terms of avoiding further expense and
delay, without consideration of argument or authority on the factors this Court is
charged with applying when evaluating a motion for service by other means under
Federal Rule 4(f).

Service of untranslated documents conflicts with international law. A state
party to the Convention may require the translation of documents to be served.
Convention on Service at Art. 5. Process served in Japan under the Convention
must be translated into the Japanese language. *Id*. at Japan – Central Authority &
practical information; *see also Froland v. Yamaha Motor Co., Ltd.*, 296 F. Supp.
2d 1004, 1008 (D. Minn. 2003); *Taylor v. Uniden Corp. of America*, 622 F. Supp.
1011, 1016 (D. Mo. 1985). Plaintiff's interest in avoiding expense and delay in
this litigation does not bear on the meaning of international law surrounding
translation of judicial documents.[2] Even if Plaintiff is correct that UD Trucks,
Corp. is familiar with the English language due to their regular transaction of
business in English, that familiarity does not justify an interpretation of

---

[2] Indeed, interpolation of a party's interest when defining the meaning of international
law would be inconsistent with the judiciary's traditional "concern for its possible interference
with the conduct of foreign affairs by the political branches of the government." *DeRoburt v.
Gannett Co., Inc.*, 733 F.2d 701, 703.

international law which sets aside the nation of Japan's interest in providing

service of process to its citizens in Japanese.

Service of untranslated documents is inconsistent with notions of due

process. Recall that the due process inquiry requires balancing the interest of the

state in bringing issues to a final settlement against the individual interest in due

process of law. *Mullane v. C. Hanover Bank & Trust Co.*, 339 U.S. 306, 313-14

(1950). "An elementary and fundamental requirement of due process in any

proceeding which is to be accorded finality is notice reasonably calculated, under

all the circumstances, to apprise interested parties of the pendency of the action

and afford them an opportunity to present their objections." *Id*. at 314 (citations

omitted). UD Trucks, Corp. has an interest in being aware of the contents of the

complaint so they may appear in this Court and answer with their objections.

While Plaintiff has introduced some evidence that UD Trucks, Corp. is familiar

with the English language, there is no evidence that this familiarity is pervasive

and extends to the officer to whom Plaintiff wishes to direct service. The added

expense and delay of translation cited by Plaintiff does not bear on the due process

right of UD Trucks, Corp. As to the state's interest, the delay consideration cited

by Plaintiff cuts both ways. While there is likely some delay associated with

translating the documents to be served to Japanese, the provision of untranslated

documents would also result in delay, retarding the resolution of this case further while UD Trucks, Corp. attempts to ascertain the meaning of a Summons and Second Amended Complaint provided only in English. Provision of translated documents best serves the balance of the state's interest in resolving this dispute and the interest of UD Trucks, Corp. in being given fair notice and opportunity to be heard.

In accordance with the foregoing, IT IS ORDERED that Plaintiff's Motion for Service by Other Means, (doc. 72), is GRANTED IN PART. Plaintiff may serve Defendant UD Trucks, Corp. by directing the required documents to:

> President Yusuke Sakaue
> UD Trucks, Corp.
> 1-1 Ageo-shi
> Saitama 362-8523 JAPAN

by United States Postal Service and courier service with report of delivery. Service must be comprised of the Summons and Second Amended Complaint in both its original form as composed in English and a certified translation of the same documents in Japanese.

DATED this 29th day of July, 2013.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT