IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MONTANA TRUCKS LLC, | CV 12–23–M–DWM |
| Plaintiff, | |
| vs. | ORDER |
| UD TRUCKS NORTH AMERICA INC., f/k/a NISSAN DIESEL AMERICA INC. and UD TRUCKS CORP. f/k/a NISSAN DIESEL MOTOR CO., LTD, | |
| Defendants. | |

In the Court's Order granting summary judgment to the Defendant on all claims raised in Plaintiff Montana Trucks' Amended Complaint (doc. 7), Plaintiff was ordered to show cause for continuing to litigate the constructive fraud claim related in its Second Amended Complaint (doc. 71) filed after Defendant's Motion for Summary Judgment.  (Doc. 81 at 27–28.)  The Court ordered the Plaintiff to distinguish the applicability of the statute of limitations to its constructive fraud claim as a matter of law or present a unique issue of material fact as to that claim, or summary judgment would be granted on the constructive fraud claim *sua sponte* pursuant to Federal Rules of Civil Procedure 56(f)(3).

Plaintiff's brief in response to the Court's Order argues that its claim of

constructive fraud relates a negligent misrepresentation claim. The Plaintiff argues that, despite the label "constructive fraud," Plaintiff's Second Amended Complaint (doc. 71) pleads a claim for negligent misrepresentation and that the claim relates back to the date its original complaint was filed, February 15, 2012. Plaintiff further contends that the original complaint was filed within the three-year statute of limitations for negligent misrepresentation. *See Pederson v. Rocky Mt. Bank*, 272 P.3d 663, 665 (Mont. 2012) (citing Mont. Code Ann. § 27-2-204(1)) (statute of limitations for negligent misrepresentation is 3 years).

Assuming, *arguendo*, the Plaintiff did sufficiently plead a claim for negligent misrepresentation, its claim would still be time-barred. To fall within the three-year statute of limitations for negligent misrepresentation, all elements of Plaintiff's claims must have accrued and been discovered no earlier than February 15, 2009. *Id.* (citing Mont. Code Ann. § 27-2-102). Negligent misrepresentation has six elements:

    1. the defendant made a representation as to a past or existing material fact;

    2. the representation must have been untrue;

    3. regardless of its actual belief, the defendant must have made the representation without any reasonable ground for believing it to be true;

    4. the representation must have been made with the intent to induce the plaintiff to rely on it;

5. the plaintiff must have been unaware of the falsity of the representation; it must have acted in reliance upon the truth of the representation, and it must have been justified in relying on the representation; and

6. the plaintiff, as a result of his or her reliance, sustained damage.

*Hayes v. AMCO Ins. Co.*, 2012 WL 5354553, 3-4 (D. Mont. 2012).

Plaintiff's argument that its negligent misrepresentation claim falls within the three-year period is predicated on the Court's dating of the point of discovery for the Plaintiff's fraud claim. The Order granting the Defendant's Motion for Summary Judgement on the Plaintiff's fraud claim noted that the *latest* possible date on which the Plaintiff's fraud claim accrued was February 1, 2010. (*See* Doc. 81 at 5.) Based on facts advanced by the Plaintiff, however, it appears the Plaintiff discovered and accrued a cause of action for negligent misrepresentation by January 30, 2009.

Pursuant to Federal Rule of Civil Procedure 56(c)(3), the Court considered the following materials in the record not cited by the parties in their briefs:

- Foundational Affidavit of P. Brad Condra, Exhibit C, Letter from Montana Trucks to David R. Jarrett. (Doc. 48-3.)
- Foundational Affidavit of Kathleen L. DeSoto, Exhibit 7, Amended and Supplemental Complaint in *Pioneer Drive, LLC v. Nissan Diesel America, Inc.* (Doc. 32-7.)

These documents make clear Montana Trucks knew or should have known all the facts necessary for its negligent misrepresentation claim by no later than

January 2, 2009.  On January 2, 2009, Pioneer Drive filed an Amended Complaint in its suit against Nissan Diesel.  As noted in this Court's previous Order, Randy Botsford is the principal of both Pioneer Drive and Montana Trucks, the instant Plaintiff.  Any knowledge within the possession of Pioneer Drive or Randy Botsford is imputed to Montana Trucks.  (Doc. 81 at 20-21.)  In its Amended Complaint, Pioneer Drive alleged it had discovered the certifications on the UD3300 were inaccurate, had requested information supporting the certification, and Nissan Diesel had rejected the request for supporting information.  (Doc. 32-7 at ¶¶ 7-8.)  The first and second elements of a negligent misrepresentation claim, then, had accrued and been discovered by the time Pioneer filed its Amended Complaint on January 2, 2009.  Further, as an exhibit advanced by the Plaintiff makes clear,  Randy Botsford believed Nissan Diesel was taking "fraudulent and illegal actions" even before he learned the UD3300 did not comply with Federal Motor Vehicle Safety Standard 121.  (Doc. 48-3 at 2.)  This shows that by January 2, 2009, Randy Botsford, and by imputation Montana Trucks, knew or should have known the Defendant had no reasonable grounds for believing its certifications to be correct.  Therefore, the third element of a negligent misrepresentation claim was met by January 2, 2009 at the latest.  The Plaintiff has not argued, nor does there appear to be any reasonable argument the Plaintiff could make, that the fourth and fifth elements were not met by that same date.

The final element of a negligent misrepresentation claim is damages. According to the Plaintiff's Second Amended Complaint in this case, Montana Trucks sustained damages as a result of Defendant's negligent misrepresentation when the Defendant terminated its contract with the Plaintiff on January 30, 2009. (Doc. 71 at ¶¶ 21-22.)

Construed in the light most favorable to the Plaintiff, then, all elements for a cause of action for negligent misrepresentation had accrued by January 30, 2009. Assuming a three-year statute of limitations, the Plaintiff needed to file its Complaint by January 30, 2012. The Complaint in this case was filed February 15, 2012, approximately two weeks after the latest possible date on which the Plaintiff's negligent misrepresentation accrued and was discovered. It is accordingly time-barred.

Therefore, IT IS ORDERED that, pursuant to Fed. R. Civ. P. 56(f)(3), summary judgment on Plaintiff's constructive fraud/negligent misrepresentation claim is granted in favor of the Defendant.

IT IS FURTHER ORDERED that, all claims against Defendant UD Trucks North America, Inc., formerly known as Nissan Diesel America, Inc. having been litigated and decided, the Clerk of Court shall enter judgment in favor of UD Trucks North America, Inc.

DATED this 9th day of October 2013.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT